UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : Case No. 3:04-cr-00360 (RNC) |
| | : |
| ANTHONY HARRIS | : |

RULING AND ORDER

Pending is the defendant's motion pursuant to section 404 of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018), for a reduction in his sentence of 300 months' imprisonment and eight years' supervised release. For reasons that follow the motion is granted in part and denied in part. Defendant's term of imprisonment is reduced to 260 months and his term of supervised release is reduced to six years.

I. Background

On February 17, 2006, defendant was convicted by jury verdict of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 (count one); carrying a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (count two); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count three). See ECF No. 75; ECF No. 222 at 1. Prior to the trial, the government filed a Second Offender Information pursuant to 21 U.S.C. § 851. ECF No. 49. As a

1

result of the second offender enhancement, count one carried a sentence of ten years to life in prison and a mandatory minimum supervised release term of eight years.  See 21 U.S.C. § 841(b)(1)(B) (2009).  Count two carried a mandatory consecutive term of five years.  18 U.S.C. § 924(c)(1)(A)(i). On count three, defendant was subject to the sentencing enhancements of the Armed Career Criminal Act ("ACCA"), resulting in a mandatory minimum sentence of fifteen years.  See ECF No. 222 at 1; 18 U.S.C. § 924(e).  Thus, defendant's statutory mandatory minimum sentence on the gun counts was twenty years.

The parties agreed with the calculation of the guideline range in the presentence report ("PSR").  On count one, the jury's finding that the defendant possessed 25.2 grams of crack cocaine yielded a base offense level of 28.  See ECF No. 222-2 at 6; U.S.S.G. § 2D1.1(c)(6) (2006).  Two levels were added as a result of the conviction on count three because the defendant's possession of the firearm was a special offense characteristic under the drug guideline.  See ECF No. 222-2 at 6; U.S.S.G. §§ 2D1.1(b)(1), 3D1.2(c) (2006).  Count two was not groupable with either of the other counts for purposes of determining the guideline range because it carried a mandatory consecutive prison term.  See U.S.S.G. §§ 2K2.4(b), 3D1.1(b)(1) (2006).  The parties agreed with the PSR's conclusion that the defendant was

both a career offender under U.S.S.G. § 4B1.1(a), and that he was an armed career criminal under U.S.S.G. § 4B1.4(a) because he was subject to enhanced penalties under 18 U.S.C. § 924(e). ECF No. 222-2 at 6-7. Pursuant to U.S.S.G. § 4B1.4(b)(2), the PSR applied the greater of the two applicable offense levels: the career offender level of 37. ECF No. 222-2 at 7. Defendant was placed in criminal history category VI, both because he was a career offender and because he had 17 criminal history points. See id. at 10; U.S.S.G. § 4B1.1(b), ch. 5 Pt. A (2006)). The result was a guideline range of 360 months to life imprisonment as to counts one and three. ECF No. 222-2 at 16. Because count two carried a mandatory consecutive term of 60 months, the total range was 420 months to life. See id.; 18 U.S.C. § 924(c)(1)(A)(i).

At the sentencing hearing, the defendant asked me to impose the mandatory minimum sentence of 240 months applicable to his convictions on the gun counts. The Government requested a sentence within the advisory range in order to protect the public against further crimes by the defendant. I considered whether a guideline sentence was harsher than necessary to achieve the other goals of a criminal sentence, including protecting the public. ECF 200 (Sent. Hr'g Tr.) at 48. Looking at the bottom of the range of 420 months, I took cognizance of the impact of the defendant's decision to go to trial: the

bottom of the guideline range would have been 300 months instead of 420 months if he had accepted responsibility by pleading guilty. Id. at 51-52. Unfortunately, however, the defendant was still refusing to accept responsibility. At the sentencing hearing, he angrily asserted that he had been unjustly convicted as a result of his trial counsel's ineffectiveness. But the proof of his guilt was clear.[1] In addition to falsely denying that he was guilty of the offenses for which he had been found guilty by the jury, and blaming others for his plight, the defendant also tried to minimize his long and serious criminal record. As shown by the PSR, the defendant's record includes convictions for violent assaults involving handguns. The defendant did not deny that he had been convicted of those offenses, but he disputed the PSR's descriptions of his underlying criminal conduct, drawn from the applicable police reports, which depicted him as a dangerous criminal. The defendant had served lengthy prison terms for his serious crimes, but he had returned to a criminal lifestyle each time he

---

[1] The defendant was apprehended after he fled from a vehicle stop. He abandoned the car he was driving and fled on foot before he was captured hiding in a nearby building. A search of the glove compartment of the car disclosed more than 25 grams of crack cocaine packaged for sale and sitting on top of a fully loaded pistol with one round in the chamber. The defendant's attempt to avoid responsibility for the drugs and gun had little chance of success because at the time of his arrest he had more than $3,000 in cash in his pants pocket, which was bundled in a manner associated with drug dealers.

4

was released.  I therefore agreed with the Government that a long sentence was necessary to protect the public.

I ultimately determined that a sentence of 420 months would be harsher than necessary considering the defendant's age, family ties, good conduct in pretrial detention, and ability to earn legitimate income as a barber.  I also concluded, however, that the mandatory minimum sentence of 240 months required by the defendant's convictions on the gun counts was insufficient to serve the purposes set forth in 18 U.S.C. § 3553(a).  See ECF No. 222-5 at 1; ECF No. 200 at 57.  Accordingly, I sentenced the defendant to a total of 300 months: 240 months on count one and 180 months on count three, to run concurrently, plus 60 months on count two, to be served consecutively as required by statute.  See id.; 18 U.S.C. § 924(c)(1)(A)(i).  ECF No. 222 at 1.  I also imposed eight years' supervised release on count one, three years' on count two, and five years' on count three, all to run concurrently.  Id.

Defendant appealed, and in October 2008 the Second Circuit affirmed the conviction but remanded to enable me to consider resentencing the defendant based on a recent appellate decision.  United States v. Harris, 294 F. App'x 689, 689-90 (2d Cir. 2008).  I declined to do so after that decision was abrogated.  ECF No. 172.

II. Analysis

   A. Available Relief

Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," and which was committed before the Fair Sentencing Act was enacted. Id. § 404(a). Count one charged the defendant with possessing with intent to distribute five grams or more of crack cocaine. When the defendant was sentenced, this offense was punishable by between ten years and life in prison with a second offender enhancement. See 21 U.S.C. § 841(b)(1)(B) (2009). The Fair Sentencing Act increased from five to 28 grams the amount of crack cocaine needed to trigger the penalties imposed by 21 U.S.C. § 841(b)(1)(B). Pub. L. 111-220, § 2, 124 Stat. 2372, 2372 (2010) (codified at 21 U.S.C. § 841(b)(1)(B)(iii)). Today the penalty for count one would be located in 21 U.S.C. § 841(b)(1)(C), which applies when an offense involves less than 28 grams or an unspecified quantity of crack cocaine. Under this provision, the maximum sentence is

6

30 years with a second offender enhancement. Thus, the defendant is eligible for relief under section 404.

The parties dispute the scope of relief available to the defendant under the First Step Act. The defendant argues that he is entitled to a plenary resentencing on all counts of conviction at which current law must apply. This is significant, he argues, because he is not subject to enhanced penalties under current law and the guideline range at a plenary resentencing would therefore be 180-210 months. The Government argues that even if the enhancements applied at the time of the original sentencing no longer apply (which it disputes), a plenary resentencing is not permitted. The Second Circuit has not decided whether a plenary resentencing is authorized but others Circuits have rejected the defendant's argument. See United States v. Pubien, 2020 WL 897402 (11th Cir. Feb. 25, 2020)(per curiam)("[E]ven if we somehow read § 404 to encompass Pubien's remaining convictions, it would do him little good: § 404 only permits resentencing 'as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.' And, as we've stated, sections 2 and 3 of the Fair Sentencing Act do nothing to alter the penalties for Pubien's powder cocaine convictions.") (citation omitted); United States v. Jackson, 945 F.3d 315, 321 (5th Cir. 2019)("[T]he FSA doesn't contemplate a plenary resentencing.

Instead, the court 'place[es] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act.'")(quoting United States v. Hegwood, 934 F.3d 414, 418(5th Cir. 2019). The consensus view among district courts is the same.[2] I join these courts in concluding that a plenary resentencing is not authorized.[3]

---

[2] See, e.g., United States v. Powers, 412 F. Supp. 3d 740, 746 (W.D. Mich. 2019); United States v. Shields, No. 1:08-cr-314, 2019 WL 3003425, at * 5 (M.D. Pa. July 10, 2019), appeal docketed, 19-2717 (3d Cir. Aug. 1, 2019); United States v. Crews, 385 F. Supp. 3d 439, 444-45 (W.D. Pa. 2019); United States v. Coleman, 382 F. Supp. 3d 851, 859 (E.D. Wisc. 2019); United States v. Rivas, No. 04-cr-256-pp, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019); United States v. Shelton, No. 3:07-cr-329, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019); United States v. Haynes, No. 8:09-cr-441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019); United States v. Sampson, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019); United States v. Potts, No. 2:98-cr-14010, 2019 WL 1059837, at *2 (S.D. Fla. Mar. 6, 2019); United States v. Davis, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019). But see United States v. Medina, No. 3:05-cr-58 (SRU), 2019 WL 3769598, at *1 (D. Conn. July 17, 2019).

[3] In support of his argument that he is entitled to a plenary resentencing, defendant points to my decision in United States v. Allen, 384 F. Supp. 3d 238 (D. Conn. 2019). This citation is misplaced. Mr. Allen had been convicted of both a "covered offense" within the meaning of section 404(a) as well as a violation of 18 U.S.C. § 924(c), which carried a mandatory consecutive five-year sentence. Id. at 239-40, 243. Defendant suggests that by reducing Mr. Allen's sentence to time served, I must have "reconsidered" his "entire sentencing package". However, I added the five-year consecutive sentence to the minimum Guidelines sentence applicable to Mr. Allen's crack cocaine conviction under the Fair Sentencing Act. Id. at 243-44. Because the sum of the two sentences was lower than the amount of time that Mr. Allen had already been incarcerated, a sentence of time served was appropriate. Id. at 244.

B.  Appropriate Relief

If sections 2 and 3 of the Fair Sentencing Act had been in effect at the time of the defendant's offense conduct, count one would have carried a maximum term of 30 years in prison with a second offender enhancement, rather than a potential life sentence.  See 21 U.S.C. § 841(b)(1)(C).  The guideline range would have been 360 months to life, i.e. 60 months lower than the range that applied at the original sentencing.  Reducing the overall sentence of 300 months by a corresponding amount would result in a sentence of 240 months, the mandatory minimum required by the convictions on counts two and three.  Whether to reduce the sentence and, if so, the extent of the reduction, are matters entrusted to my discretion.

The Government argues that the defendant's sentence should not be reduced because the statutory penalty for his crack cocaine offense did not drive his sentence.  It is true that the defendant received a below-Guidelines sentence.  However, "[e]ven if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense the basis for the sentence." Peugh v. United States, 569 U.S. 530, 542 (2013) (emphasis and internal citation omitted).  At the sentencing hearing, as discussed above, I treated the defendant's minimum guideline

9

sentence, 420 months, as the starting point and considered whether a sentence of that length would be harsher than necessary. See id.; ECF No. 200 at 48.

The Government also contends that the defendant's sentence should not be reduced in light of his disciplinary record in prison. Defendant's infractions have included introducing narcotics into his facility, fighting with another person, and possessing dangerous weapons. ECF No. 222 at 6. The defendant argues that I may not consider his disciplinary record except at a plenary resentencing. However, multiple courts have applied the § 3553(a) factors in section 404 proceedings without holding a plenary resentencing. See, e.g., United States v. Rose, 379 F. Supp. 3d 223, 233 (S.D.N.Y. 2019); United States v. Simons, 375 F. Supp. 3d 379, 388-89 (E.D.N.Y. 2019); Crews, 385 F. Supp. 3d at 445. Moreover, 18 U.S.C. § 3582(c)(2), which expressly prohibits a plenary resentencing, nonetheless instructs the sentencing court to consider the § 3553(a) factors in determining whether and to what extent to reduce a sentence. See U.S.S.G. § 1B1.10(a)(3). For these reasons I conclude that I may consider the defendant's disciplinary record.[4]

---

[4] The Sentencing Commission agrees that the § 3553(a) factors should be considered when ruling on a § 404 motion. See United States v. Stanback, 377 F. Supp. 3d 618, 625 n.2 (W.D. Va. 2019) (citing U.S. Sentencing Comm'n, *ESP Insider Express, Special Edition, First Step Act* (Feb. 2019), *available at*

10

In support of his motion for a sentence reduction, the defendant has submitted a letter expressing a desire to accept responsibility for his actions. ECF No. 230-1. At the original sentencing, the defendant presented himself to me as an incorrigible criminal, which necessitated a sentence substantially in excess of the mandatory minimum 240 months. As a result of the defendant's letter, which appears to be sincere, he stands in a better position today than he did at the time of the original sentencing.

After considering the § 3553(a) factors, I conclude that the defendant's willingness to accept responsibility for his wrongdoing warrants a reduction in his sentence. I also conclude, however, that a sentence above the mandatory minimum 240 months remains necessary, in part because of the defendant's disciplinary record in prison.

III. Conclusion

Accordingly, the defendant's term of imprisonment as to count one is hereby reduced from 240 months to 200 months to run concurrently with his sentence on count three. Adding the mandatory consecutive sentence of 60 months on count two results in a total sentence of 260 months. The term of supervised

---

https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf.).

release imposed on count one is reduced from eight years to six years.  An amended judgment will be filed.

So ordered this 10th day of April 2020.

                              /s/ RNC
                        Robert N. Chatigny
                     United States District Judge